UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ramatu KIADII,<br>   *Petitioner*,<br><br>Thomas DECKER, in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement; Thomas D. HOMAN in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement; Nathalie ASHER, in her official capacity as Acting Assistant Field Office Director of U.S. Immigration and Customs Enforcement; Kirstjen NIELSEN, in her official capacity as Secretary of the U.S. Department of Homeland Security; James MCHENRY, in his official capacity as Director of the Executive Office for Immigration Review; Tracy SHORT in his official capacity as Principal Legal Advisor for U.S. Immigration and Customs Enforcement; Jefferson SESSIONS III, in his official capacity as Attorney General of the United States,<br>   *Respondents*. | Case No. _____<br><br>**PETITION FOR<br>WRIT OF HABEAS CORPUS** |

  Petitioner Ramatu Kiadii ("Petitioner" or "Ms. Kiadii") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241; the All Writs Act, 28 U.S.C. § 1651; and Article I, Section 9, of the Constitution of the United States. Ms. Kiadii challenges 1) her continued civil detention on constitutional and statutory grounds, and she independently challenges 2) being held "in custody" pursuant to the restraints imposed on her in maintaining removal proceedings against her on both statutory and constitutional grounds.

## PRELIMINARY STATEMENT

  1. Ms. Kiadii is a forty-five year old United States citizen detained by the Department of Homeland Security ("DHS" or "the government") and being forced to appear in

1

removal proceedings before the Executive Office of Immigration Review ("EOIR").  *See* Exh. 1 Notice to Appear ("NTA"); *see also* Exh. 19, MTT, at 2-10 [PDF 4-11].

2. Ms. Kiadii was born on November 12, 1972 in Monrovia, Liberia, and has lived in the United States since she was 10 years old, after being admitted in May 1983.  *See* Exh. 5, Birth Certificate of Ramatu Kiadii.  Ms. Kiadii's parents legally married and then separated under applicable Liberian laws.  Ms. Kiadii's father obtain sole custody of Ms. Kiadii in 1983, and he subsequently naturalized on August 14, 1987, when the petitioner was 14 years old.  As such, Ms. Kiadii derived U.S. citizenship by operation of law under 8 U.S.C. § 1432(a), the provision of the Immigration and Nationality Act ("INA") statute in force at the time of her birth, on August 14, 1987 when her father naturalized.  *See* Exh. 19, Motion to Terminate ("MTT"), at 4 [page 5 of PDF].

3. Ms. Kiadii has been physically detained by ICE since December 11, 2017 at the Hudson County Correctional Facility.  She has also been held "in custody" within the meaning of the habeas statute, subject to unconstitutional restraint on her liberty, on account of the commencement of removal proceedings with the EOIR on December 14, 201, and those proceedings remain pending.  *See* Exh. 1, NTA (filing NTA commences removal proceedings under 8 C.F.R. § 1003.14(a)).

4. Ms. Kiadii derived U.S. citizenship by operation of law under 8 U.S.C. § 1432(a), the provision of the Immigration and Nationality Act ("INA") statute in force at the time of her birth on November 12, 1972.  *See* Exh. 19, Motion to Terminate, at 4 [page 5 of PDF].  The unconstitutional restraint and detention of Ms. Kiadii has now exceeded 72 days, despite the fact that she is not an alien and as such, and therefore not removable from the United Sates.  The removal proceedings before EOIR are being held at 201 Varick Street, room 1140, New York,

NY 10014.  *See* Exh. 1, NTA.  Her next hearing is scheduled for March 7, 2018, at which point she, a U.S. citizen, will have been detained for 86 days.  *See* Exh. 21, Court Hearing Notice.

5. No reasonable justifications exists to maintain removal proceedings against U.S. citizens – this is self-evident.  Establishing alienage is a jurisdictional prerequisite to maintaining removal proceedings, and must be strictly enforced to protect the due process rights of individuals, aliens and non-aliens, to be freed from detention and the restriction imposed of being "in custody" when forced to respond to the threat of exile from the United States through the process of removal proceedings, or detained pending a removal decision.  The continuation of removal proceedings against Ms. Kiadii, a U.S. citizen, is a restraint on her liberty in violation of the Fifth and Fourteenth Amendments, constituting a substantive due process violation in holding Ms. Kiadii "in custody."

6. ICE's failure to follow its own procedures and policies with respect to investigating claims of U.S. citizens, designed to protect U.S. citizens, itself forms a due process violation.

**PARTIES**

7. Petitioner Ramatu Kiadii is a U.S. citizen born on November 12, 1972 in Liberia. She was admitted into the United States, and has been permanently residing since 1983, at the age of 10, with the intent to permanently reside in the United States, living in the sole custody of the father following the legal dissultion of her parents' marriage.  Petitioner's father, Mr. Henry Kama Kiadii, naturalized to become a U.S. citizen on August 14, 1987 – when Petitioner was 13 years old. Petitioner was taken into DHS custody on December 11, 2017, and has remained in detention at the Hudson County Correctional Facility in Kearny, New Jersey since that time.  She has also been held "in custody," by being forced to remain in removal proceedings and appear at

Immigration Court hearings, since December 2017 – as Ms. Kiadii will be required to attend future Immigration Court dates, or face being ordered removed in absentia under 8 U.S.C. § 1229a(b)(5)(A).

8. Respondent Thomas Decker is named in his official capacity as the Director of the New York Field Office for Immigration and Customs Enforcement ("ICE") within the Department of Homeland Security. In this capacity, he is responsible for the administration of immigration laws and the execution of detention and removal determinations, and he supervises Respondent Nathalie Asher. As such, he is a legal custodian of Petitioner. Respondent Decker's office is located at 26 Federal Plaza, New York, New York 10278.

9. Respondent Thomas Homan is named in his official capacity as Deputy Director and Senior Official Performing the Duties of the Director for U.S. Immigration and Customs Enforcement. He is named in his official capacity. In this capacity, he is responsible for the enforcement of the immigration laws, including against Ms. Kiadii. He supervises Respondent Decker, and routinely transacts business in the Southern District of New York. As such, he is a legal custodian of Petitioner. His address is U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC, 20536.

10. Respondent Nathalie Asher is named in her official capacity as the Acting Assistant Director of the New York Field Office for ICE within the Department of Homeland Security. In this capacity, she is responsible for the administration of immigration laws and the execution of detention and removal determinations. As such, she is a legal custodian of Petitioner. Respondent Asher's office is located at 26 Federal Plaza, New York, New York 10278.

11.     Respondent Kirstjen Nielsen is named in her official capacity as the Secretary of the United States Department of Homeland Security.  In this capacity, she is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a); she routinely transacts business in the Southern District of New York; she supervises Respondent Decker, and is legally responsible for the pursuit of Petitioner's detention and removal.  As such, she is a legal custodian of Petitioner. Respondent Duke's office is located at the United States Department of Homeland Security, Washington, D.C. 20528.

12.     Respondent James McHenry is named in his official capacity as Acting Director of the EOIR.  In this capacity, he is responsible for the administration of the immigration laws pursuant to 8 C.F.R. § 1003.0(b)(1).  He is responsible for the direction and supervision of the Office of the Chief Immigration Judge, including the Immigration Courts at 26 Federal Plaza, 12th Floor, Room 1237, New York, NY 10278 and 201 Varick Street, Room 1140, New York, NY 10014.  He routinely transacts business in the Southern District of New York.  As such, he is legally responsible for the pursuit of Petitioner's detention and removal.  Respondent McHenry's office is located at the Executive Office for Immigration Review, 107 Leesburg Pike, Falls Church, VA 22041.

13.     Tracy Short in his official capacity as Principal Legal Advisor for U.S. Immigration and Customs Enforcement.  In this capacity, he is responsible for the Office of the Principal Legal Advisor. The Office of the Principal Legal Advisor is charged with litigating administrative immigration proceedings before the EOIR, including at the Varick Street Immigration Court, and is the legal program responsible for maintaining immigration proceedings against Petitioner.  In pursing her continued detention and restraints "in custody" pursuant to being forced to remain in removal proceedings, he is a legal custodian of Petitioner,

5

and he routinely transacts business in the Southern District of New York. Respondent Short's office is located at U.S Immigration and Customs Enforcement, 500 12th St., SW, Washington, D.C. 20536.

14. Respondent Jefferson Sessions is named in his official capacity as the Attorney General of the United States. In this capacity, he is responsible for the administration of the immigration laws as exercised by the EOIR, pursuant to 8 U.S.C. § 1103(g). He routinely transacts business in the Southern District of New York and is legally responsible for administering Petitioner's removal and custody determination proceedings and the standards used in those proceedings. As such, he is a legal custodian of Petitioner. Respondent Sessions' office is located at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

## JURISDICTION

15. Petitioner is currently "in custody" of Respondents in New York and is in removal proceedings at the 201 Varick Street Immigration Court, New York, New York 10014. *See* Exh. 1, NTA; *see also* Exh. 21, Hearing Notice.

16. This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 1331; the All Writs Act, 28 U.S.C. § 1651; and the Administrative Procedure Act, 5 U.S.C § 701. The restraints on Petitioner based on her being forced to appear in removal proceedings, with the threat of being removed from the United States if she does not attend, constitute a "severe restraint[]" on [Petitioner's] individual liberty," such that Petitioner is "in custody for purposes of the habeas corpus statute." *Hensley v. Mun. Court, San Jose–Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973).

17. The use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody. *See Jones v. Cunningham*, 371 U.S. 236, 239 (1963) ("in custody" satisfied when there is "restraint that is 'not shared by the public generally'"; *Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d Cir. 2003) ("final order of removal is sufficient, by itself, to establish the requisite custody"). The Supreme Court has found jurisdiction where a petitioner was released on his own recognizance prior to trial but had to appear in criminal court when ordered and where failure to do so would result in issuance of an arrest warrant. *See Hensley*, 411 U.S. at 351.

18. While only the federal courts of appeal have jurisdiction to review removal orders directly through petitions for review, *see* 8 U.S.C. § 1252, federal district courts have jurisdiction to hear habeas corpus claims challenging the lawfulness or constitutionality of civil immigration proceedings. *See e.g.*, *I.N.S. v. St. Cyr*, 533 U.S. 289, 301-02 (2001); *Demore* v. *Kim*, 538 U.S. 510, 516–17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. There is no statutory requirement of exhaustion of administrative remedies where the lawfulness or constitutionality of removal proceedings are challenged. *See Louisaire v. Muller*, 758 F. Supp. 2d 229, 234 (S.D.N.Y. 2010); *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 179 (S.D.N.Y. 2009).

20. Given the facts of this case, exhaustion would be futile. Ms, Kaidii is clearly a U.S. citizen. Despite this fact, Respondents have detained Ms. Kaidii and held him for 72 days. Once before an Immigration Judge, Ms. Kaidii was not released, despite her U.S. citizenship, and instead ordered to wait an additional 2-weeks detained, extending her time in detention to 86 days. *See* Exh. 21, Hearing Notice.

21. Any prudential exhaustion requirement may be excused where, as here, "requiring resort to the administrative remedy may occasion undue prejudice . . . [such as] . . . an unreasonable or indefinite timeframe for administrative action." *McCarthy v. Madigan,* 503 U.S. 140, 146–47 (1992). Given Ms. Kiadii is a U.S. citizen, any time in removal proceedings is unreasonable. *See Shapiro v. Thompson*, 394 U.S. 618, 629 (1969) ("This Court long ago recognized that the nature of our Federal Union and our constitutional concepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land *uninhibited* by statutes, rules, or regulations which unreasonably burden or restrict this movement."). U.S. citizens are not subject to deportation from the United States. *See Ng Fung Ho v. White*, 259 U.S. 276, 284–85, (1922) (Deporting one who claims to be a citizen is a deprivation of liberty implicating Fifth Amendment constitutional concerns); *Tuan Anh Nguyen v. I.N.S.*, 533 U.S. 53, 67 (2001) (affirming that a citizen has the "absolute right to enter [the United States] borders").

## VENUE

22. Pursuant to 28 U.S.C. § 2241(d), venue properly lies in the Southern District of New York because Petitioner is physically present and in the custody of Respondents within the district. In addition, Petitioner's pending removal proceedings have been taking place within the district at the immigration court located at 201 Varick Street, New York, New York 10014, and the place of employment of Respondents Asher and Decker is located within the district, at 26 Federal Plaza, New York, New York 10278.

**FACTS**

23.     Ms. Kiadii's parents were legally married on July 26, 1969 pursuant to Liberian customs. *See* Exh. 3, Declaration of Louise Roberts, at 11; Exh. 4, Declaration of Dr. John Singler, at 15.

24.     Ms. Kiadii was born in wedlock on November 12, 1972 in Monrovia, Liberia, and has lived in the United States since she was 10 years old, after being admitted in May 1983. *See* Exh. 5, Birth Certificate of Ramatu Kiadii.

25.     Ms. Kiadii's parents legally separated according to Liberian Customs in 1973. *See* Exh. 3, Declaration of Louise Roberts, at 11; Exh. 4, Declaration of Dr. John Singler, at 15. The 1973 legal separation of the Petitioner's parents is further evidence from the fact that both legally remarried in the United States. *See* Exh. 17, Marriage Certificate of Louise Roberts (demonstrating that she re-married on September 18, 1997); Exh. 2, Declaration of Ramatu Kiadii Soko, at 8 (stating that Henry Kiadii re-married in the 1980s).

26.     Ms. Kiadii began to reside permanently in the United States in 1983, when she was 10 years old. *See* Exh. 2, Declaration of Ramatu Kiadii Soko; *See* Exh. 3, Declaration of Louise Roberts. At the time she was admitted, at age 10, she had the understanding that she was to permanently reside in the United States. *See* Exh. 2 Declaration of Ramatu Kiadii Soko, at 9. Under 8 U.S.C. § 1432(a)(5), the Immigration and Nationalization Act, the conduct required with respect to a child deriving citizenship reside "in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of…the parent naturalized under clause [section 1432(a)(3)], or thereafter begin[] to reside permanently in the United States while under the age of eighteen years." In *Nwozuzu v. Holder*, the Second Circuit clarified that the

9

requirements 8 U.S.C. § 1432(a)(5) can be satisfied with an intent to reside permanently in the United States while under the age of eighteen years. 726 F.3d 323, 325 (2d Cir. 2013).

27. Ms. Kiadii's father obtain sole custody of Ms. Kiadii in 1983, and he subsequently naturalized on August 14, 1987, when the petitioner was 14 years old. *See* Exh. 2, Declaration of Ramatu Kiadii Soko; *see also*, Exh. 13, Henry Kiadii Certificate of Naturalization.

28. As such, Ms. Kiadii derived U.S. citizenship by operation of law under 8 U.S.C. § 1432(a), the provision of the Immigration and Nationality Act ("INA") statute in force at the time of her birth, on August 14, 1987 when her father naturalized. *See* Exh. 19, Motion to Terminate ("MTT"), at 4 [page 5 of PDF].

29. The unconstitutional restraint and detention of Ms. Kiadii has now exceeded 72 days despite the fact that she is not an alien and as such, not removable from the United Sates.

30. Her next hearing is scheduled for March 7, 2018, at which point she, a U.S. citizen, will have been detained for 86 days. *See* Exh. 21, Immigration Court Hearing Notice.

31. The version of the INA in force at the time automatically transferred citizenship on satisfaction of the following conditions prior to November 12, 1990, the Petitioner's 18th birthday: 1) the naturalization on August 14, 1987 of the Ms. Kiadii's father having legal custody of the her following a legal separation of her previously married parents (8 U.S.C. §§ 1432(a)(3) & (4)), and 2) Ms. Kiadii's permanently residing in the United States beginning in 1983. 8 U.S.C. §§ 1432(a)(5); *see also Nwozuzu v. Holder*, 726 F.3d 323, 325 (2d Cir. 2013) (non-citizen under 18 years old can derive citizenship if, after parent naturalized, she "beg[an] to reside

permanently in the United States"). The satisfaction of the last of these conditions, the naturalization of her legitimate father who maintained sole legal custody of Ms. Kiadii resulting in her automatically deriving U.S. citizenship at that date on August 14, 1987. *See* 8 U.S.C. § 1432(a); *see also* Exh. 19, Motion to Terminate, at 4 [page 5 of PDF].

32. U.S. citizens are not subject to civil immigration detention, or deportation – this fact is self-evidence. 8 U.S.C. § 1226 permits arrest and detention of an "alien" pending a removal decision, however, an "alien" 8 U.S.C. § 1101(a)(3) is defined as a person who is not a citizen or national of the United States – as Ms. Kiadii is not an alien, there is no justification for her civil immigration detention.

33. Immigration Courts have no jurisdiction over U.S. citizens, 8 U.S.C. § 1229a(a)(1), which are vest limited jurisdiction to decide the inadmissibility or deportability of an alien – Ms. Kiadii is not an "alien."

34. Even if the evidence did not conclusively establish Ms. Kiadii's U.S. citizenship, which the evidence does conclusively establish, the standard for terminating removal proceedings against individuals, such as Ms. Kiadii, with claims to U.S. citizenship is relatively low, and necessarily must consider the availability of evidence. *See* Exh. T, Order of Immigration Judge at 7. The evidence must only indicate that the claim to U.S. citizenship is probably true, with truth made based on the facual circumstacnes of each case. *See id*. at 6

35. The government instructs all ICE officials that "[a]s a matter of law, ICE cannot assert its civil immigration enforcement authority to arrest and/or detain a U.S. citizen." Exh. 18, ICE Policy on Potential U.S. Citizenship Encounters. Where there is "probative evidence of [an individual's] U.S. citizenship," ICE is required to release that

individual. *Id*. at 53. The "probative evidence of U.S. citizenship" standard is *even* lower than the preponderance of the evidence standard, and is met where "the evidence before the agency tends to show that the individual may, in fact, be a U.S. citizen." *Id*.

36. In the instant case, Petitioner has unequivocally established "probative evidence of U.S. citizenship" via the evidence contained herein. *See* Exh. 19, MTT. Pursuant to its own internal guidance, ICE is required to release the Respondent, and its failure to follow its own procedures in doing so violates Ms. Kiadii's due process rights.

## CLAIMS FOR RELIEF

### CLAIM ONE

### PROCEDURAL & SUBSTANTIVE DUE PROCESS VIOLATION

21. The foregoing allegations are re-alleged and incorporated herein.

22. Respondents have violated Ms. Kiadii's substantive and procedural due process rights in detaining a U.S. citizen for civil immigration purposes, and forcing her to appear in removal proceedings.

23. Respondents' failures to follow their own procedures for investigation claims of U.S. citizenship, procedures designed to protect individuals such as Ms. Kiadii are violations of procedural due process. The government instructs all ICE officials that "[a]s a matter of law, ICE cannot assert its civil immigration enforcement authority to arrest and/or detain a U.S. citizen." Exh. 18, ICE Policy. Procedural due process standards require governmental entities to provide individuals with procedural rights before deprivations of liberty. *See Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976). Where individual interests are implicated, the Due Process clause requires that an executive agency adhere to the standards by which it professes its action to be judged. *See Vitarelli v. Seaton*, 359 U.S. 535, 547 (1959); *see also Ng Fung Ho*, 259 U.S. at

284–85 (deporting one who claims to be a citizen is a deprivation of liberty implicating Fifth Amendment constitutional concerns). It is a denial of procedural due process for any government agency to fail to follow its own regulations providing procedural safeguards to persons involved in adjudicative processes before it. *See Gov. of Canal Zone v. Brooks*, 427 F.2d 346, 347 (5th Cir. 1970).

24. These violations of the INA and implementing regulations have caused Ms. Kiadii to continue to have her liberty restrained by permitting the removal proceedings against him to persist in clear violation of the law given her U.S. citizenship. As such, she establishes the requisite cognizable prejudice fairly attributable to the challenged process. *See Zerrei v. Gonzales*, 471 F.3d 342, 347 (2d Cir. 2006) (per curiam). Even a requirement that Ms. Kiadii appear for a split second at a future court date for the termination of the removal proceedings amounts to a violation of her rights. *See Shapiro*, 394 U.S. at 629 (1969) ("constitutional concepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land *uninhibited* by statutes, rules, or regulations which *unreasonably* burden or restrict this movement[]") (emphasis added).

## CLAIM TWO

### SUBSTANTIVE DUE PROCESS VIOLATION: VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS

25. The foregoing allegations are re-alleged and incorporated herein.

26. Petitioner is currently "in custody" of Respondents in New York and is in removal proceedings at the 201 Varick Street Immigration Court, New York, New York 10014. *See* Exh. 6, NTA; *see Jones*, 371 U.S. at 239 ("in custody" satisfied when there is "restraint that is 'not shared by the public generally'"; *Simmonds*, 326 F.3d at 354 ("order of removal is sufficient, by itself, to establish the requisite custody"). Most U.S. citizens do not share the

13

restraint of being held in immigration custody for over two months or forced to appear in removal proceedings. The Supreme Court has found a petitioner to be "in custody" even when released on his own recognizance prior to trial under restraints that he had to appear in court when ordered and where failure to do so would result in issuance of an arrest warrant. *See Hensley v. Mun. Court, San Jose–Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973). Ms. Kiadii has to attend removal proceedings, or she may be ordered deported under 8 U.S.C. § 1229a(b)(5)(A), and her ability to obtain judicial review of such an order would also be curtailed under 8 U.S.C. § 1229a(b)(5)(D).

27. To avoid violating the Fifth Amendment, "the nature and duration" of restraints must "bear some reasonable relation to the purpose [involved]." *Jackson v. Indiana*, 92 S.Ct. 1845, 1858 (1972); *accord Zadvydas*, 533 U.S. at 690. Given Ms. Kiadii is a U.S. citizen, Respondents have no jurisdiction to maintain removal proceedings against her as jurisdiction in removal proceedings is dependent on establishing alienage. *See Kessler v. Strecker*, 307 U.S. 22, 35 (1939) & *Ng Fung Ho*, 259 U.S. at 284. No reasonable purpose exists to provide any support for the restraints upon Ms. Kiadii in maintaining removal proceedings against her in violation of the Fifth and Fourteenth Amendments' substantive due process rights.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1) Assume jurisdiction over this matter;

2) Order Ms. Kaidii's immediate release from detention pending resolution of this Petition;

3) Order Ms. Kaidii remain free from civil immigration detention pending the culmination of removal proceedings against her, including all administrative or judicial appeals;

4) Issue a Writ of Habeas Corpus ordering Respondents to immediately terminate the

removal proceedings against Ms. Kaidii with prejudice;

5) Order Ms. Kaidii not be transferred out of the jurisdiction of ICE's New York Field Office while this Petition remains pending.

6) Award Petitioner her costs and reasonable attorneys' fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412 or other statute; and

7) Grant such further relief as the Court deems just and proper.

Dated:  Feb. 21, 2018                Respectfully submitted,

By:

*/s/  GREGORY P. COPELAND*

THE LEGAL AID SOCIETY
Seymour James, Jr., Attorney-in-Chief
Adriene Holder, Attorney-in-Charge, Civil Practice
Hasan Shafiqullah, Acting Attorney-in-Charge, Immigration Law Unit
Sarah Gillman, Supervising Attorney, Immigration Law Unit
Gregory P. Copeland, Of Counsel
199 Water Street, 3rd Floor
New York, NY 10038
(212) 577-3968
gcopeland@legal-aid.org

*ATTORNEYS FOR PETITIONER*